**SHERWOOD FORD, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 82–2284.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1983.

Decided June 30, 1983.

Moller, Talent, Kuelthau & Welch, Milton O. Talent, R. Michael Lowenbaum, St. Louis, Mo., for petitioner.

William R. Stewart, Deputy Asst. Gen. Counsel, William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for respondent.

Before ROSS and McMILLIAN, Circuit Judges, and COLLINSON,\* District Judge.

PER CURIAM.

Sherwood Ford, Inc. has petitioned this court for review of an order of the National Labor Relations Board granting relief to former Sherwood Ford employee Carmen Ray, who the Board found was discharged in violation of section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) (engaging in protected concerted activity.)[1] The Board has applied for enforcement of its order. *See* 29 U.S.C. § 160(e).

On August 11, 1981, Carmen Ray filed unfair labor practice charges against Sherwood Ford, Inc., alleging that the company had violated sections 8(a)(1) and 8(a)(3) of the Act by discriminating against her in regard to holiday pay. On September 14, 1981, a complaint was issued alleging that the company had engaged in unfair labor practices in violation of section 8(a)(1) of the Act when it discharged Ray on July 10, 1981, because she engaged in concerted activities for the purpose of collective bargaining or other mutual aid and protection of employees. After a hearing, the administrative law judge held that: (1) the charges filed by Ray adequately supported the complaint which was issued, and (2) Ray was discharged because of her protected concerted activity, of which any insubordinate language was a protected part.[2] On September 30, 1982, the Board filed its decision and order affirming the rulings, findings and conclusions of the administrative law judge, and adopting, as modified, the judge's recommended order.

This court must enforce the Board's order if the Board "correctly applied the law and if its findings are supported by substantial evidence in the record as a whole." *NLRB v. Mark I Tune-up Centers,* 691 F.2d 415, 416 (8th Cir.1982). *See Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). After carefully considering the briefs, arguments, and the entire record in the instant case, we conclude that the Board correctly applied the law and that its findings are supported by substantial evidence on the record as a whole. Accordingly, the Board's order is enforced. *See* 8th Cir.R. 14.

---

\* The Honorable William R. Collinson, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. *See* 29 U.S.C. § 160(f).

2. On July 10, 1981, Ray complained to her supervisor about the fact that she and the other non-union office employees were not paid for the July 4, 1981 holiday. During this conversation Ray made a statement to the effect that she was "tired of being lied to." Shortly thereafter that same day she was fired.